

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ANGELA SUBER, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-281-HFF-TER |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| Defendant. | § | |

ORDER

## I.     INTRODUCTION

This case was filed pursuant to 42 U.S.C. § 405(g) of the Social Security Act to obtain judicial review of a final decision of Defendant denying Plaintiff's claim for disability insurance benefits. Plaintiff is represented by counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be remanded pursuant to sentence four of § 405(g) for further administrative action. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 3, 2009, Defendant filed his objections to the Report on February 10, 2009, and Plaintiff filed her response to Defendant's objections on February 18, 2009.

## II.    CONTENTIONS OF THE PARTIES

The Magistrate Judge recommended remanding the case to the Administrative Law Judge (ALJ) for consideration of a report by Dr. Kooistra. In that report, Dr. Kooistra diagnosed Plaintiff with fibromyalgia and opined that Plaintiff would be unable to meet the demands of sedentary work. This report is significant because the ALJ rejected the opinion of Plaintiff's treating podiatrist who reached a similar conclusion in part because that opinion was unsubstantiated by any other medical opinion. Both parties agree that the ALJ failed to consider Dr. Kooistra's report in his initial hearing decision. Following that decision, the report was submitted to the Appeals Council, and the Appeals Council concluded that the report "does not provide a basis for changing the Administrative Law Judge's decision." (R. 7.) The Magistrate Judge suggests that the Appeals Council should have provided a basis for rejecting Dr. Kooistra's report. Defendant, in his objections, argues that the Appeals Council did not need to provide any reason for rejecting the new evidence. Defendant contends that regardless of the reasoning of the Appeals Council, it remains the Court's job to consider all the evidence in determining whether Defendant's decision was supported by substantial evidence. Therefore, he opposes remand for consideration of the additional evidence.

Much of the dispute in this case hinges upon what the Report acknowledges to be a split of authority within the Fourth Circuit. In recommending remand, the Magistrate Judge relied on

*Jordan v. Califano*, 582 F.2d 1333, 1335 (4th Cir. 1978). As explained in greater detail in the Report, that case held as insufficient the Appeals Council's conclusory assertion that it had considered new evidence but was denying benefits. The Court in *Jordan* remanded the case for consideration of new evidence. The Report also relied on an unpublished decision, *Thomas v. Commissioner of Social Security*, No. 01-1544, 24 Fed. Appx. 158 (4th Cir. Dec. 17, 2001). In *Thomas*, as in this case, additional evidence was presented to the Appeals Council that was not presented to the ALJ. *Id.* at 160. Likewise, as in this case, the Appeals Council summarily denied the plaintiff's request for review stating that it had reviewed the additional evidence but concluded that that evidence failed to provide a basis for changing the ALJ's decision. *Id.* at 161. The Fourth Circuit held that remand was necessary so that the record could be more fully developed in light of the new evidence. *Id.* at 163.

    In response, Defendant relies on the case of *Wilkins v. Secretary of Health and Human Services*, 953 F.2d 93 (4th Cir. 1991), which, Defendant contends, stands for the proposition that the record as a whole, including new evidence submitted to the Appeals Council, must be reviewed by the Court when determining whether substantial evidence supports Defendant's findings. Defendant argues that regardless of whether the Appeals Council provided a basis for its decision to deny review, the Court must still look at the entire record and determine whether the ALJ's decision is supported by substantial evidence. Defendant also cites two unpublished opinions since *Wilkins* that appear to reject the idea that the Appeals Council must articulate its own assessment of additional evidence. *See Hollar v. Comm'r of Soc. Sec. Admin*., No. 98-2748, 1999 U.S. App. LEXIS 23121 (4th Cir. Sept. 23, 1999) (noting that federal regulations do "not direct that the Appeals Council announce detailed reasons for finding that the evidence did not warrant a change

in the ALJ's decision."); *Freeman v. Halter*, 15 Fed. Appx. 87, 89 (4th Cir. 2001) (concluding that Appeals Council need not list detailed reasons for its rejection of additional evidence). Both cases rely on the Eighth Circuit case of *Browning v. Sullivan*, 958 F.2d 817, 823 (8th Cir. 1992), which independently evaluated the new evidence in light of the entire record and concluded that the ALJ's decision to deny benefits was supported by substantial evidence.

In her response to Defendant's objections, Plaintiff construes the Report as recommending remand because the Appeals Council failed to give *any* reason for rejecting the new evidence, not because the Appeals Council failed to give *specific* reasons. Plaintiff also cites the agency's own rules, which state that when considering new evidence, the analyst must provide language assessing the weight of the evidence and explain why the evidence fails to justify granting the request for review. *See Social Security Administration Rules Chapter I-3-5-20: Consideration of Additional Evidence* (setting forth rule).

## III.   DISCUSSION AND ANALYSIS

The Magistrate Judge did an excellent job of explaining the split of authority on this issue within the Fourth Circuit. The Report even cites the *Wilkins* case, relied on heavily by Defendant in his objections. However, because Defendant contends that *Wilkins* alters the Fourth Circuit's holding in *Jordan*, a closer examination of that decision is warranted.[*]

The Court agrees with Defendant that *Wilkins* clearly stands for the proposition that a reviewing court must look at the record as a whole to determine whether the ALJ's findings are

---

[*] The Court recognizes, as cited above, that there are more recent unpublished decisions that speak to the issue before the Court. However, as noted above, those decisions are inconsistent. Thus, they offer little guidance to the Court. Furthermore, the Court is more concerned with the published decisions of the Fourth Circuit because, unlike unpublished decisions, they are binding on the Court.

supported by substantial evidence.  *Wilkins*, 953 F.2d at 96.  Likewise, the Court agrees with Defendant that the *Wilkins* court "did not focus on what the Appeals Council actually stated about the new evidence."  (Def.'s Objections 2.)  This omission is significant because it reveals that *Wilkins* did not directly address the issue before Court–whether the Court can conduct meaningful review of additional evidence when it is unclear how much weight the Appeals Council gave to that evidence.  Furthermore, *Wilkins* does not purport to overrule *Jordan*, nor does it even cite *Jordan*.

As discussed in the Report, other courts in the district have dealt with the issue facing this court.  Judge Norton likened the problem to the attempt to steer one's ship between the twin perils of Scylla and Charybdis, Greek mythological creatures that presented seemingly impassable obstacles to sailors attempting to navigate the Strait of Messina.  *See Harmon v. Apfel*, 103 F. Supp. 2d 869, 871-72 (D.S.C. 2000) (discussing conflicting authorities).  In deciding that remand to the Commissioner was the appropriate means of dealing with the additional evidence presented to the Appeals Council, he concluded,

> [A]lthough the Appeals Council's decision whether to grant or deny review of an ALJ's decision may be discretionary as well as unreviewable, and the regulations do not require the Appeals Council to articulate a reason for its decision not to grant review, a reviewing court cannot discharge its statutory function of determining whether the findings of the Commissioner are supported by substantial evidence when the Appeals Council considered evidence that the ALJ did not have the opportunity to weigh, and rejected that new, additional evidence without specifying a reason for rejecting it or explicitly indicating the weight given to the evidence. Consequently, this court adopts the Magistrate Judge's recommendation as modified herein and reverses the Commissioner's decision and remands the case to the Commissioner to articulate his assessment of the additional evidence presented by Plaintiff, so that this court may determine whether the Commissioner's decision is supported by substantial evidence.

*Id.* at 874.

The Court agrees with the Magistrate Judge that the *Harmon* reasoning represents the most sound resolution of the Fourth Circuit's conflicting authorities. First of all, as noted in the Report, to conduct substantial evidence review, the Court needs to understand the basis for Defendant's decision. In this case, the Appeals Council provided no reason for its failure to consider the report of Dr. Kooistra. As the *Jordan* court clearly stated, "[a] bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court, except in the very rare instance when a case is so one-sided as to be obvious." Second, and related, the ALJ is generally required "to explicitly indicate the weight given to all relevant evidence." *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987). This requirement exists to assist the reviewing court in performing its substantial evidence review. In that the ALJ is required to indicate the weight given to all relevant evidence, it follows that the Appeals Council should do the same to assist reviewing courts. Third, as noted above, the agency's own rules require the reviewing party to assess the weight of the evidence and explain why the evidence fails to justify granting the request for review. Finally, other courts in this district have adopted the *Harmon* solution of remanding the case to Defendant for further proceedings. *See e.g.*, *Wheelock v. Astrue*, No. 9:07-3786, 2009 U.S. Dist. LEXIS 10179 at *24-25 (D.S.C. Feb. 3, 2009) (Herlong, J.) (agreeing with and following *Harmon* holding).

## IV.   CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Defendant's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's decision be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative action.

**IT IS SO ORDERED**.

Signed this 26th day of February, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE
